IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ENERGY AUTOMATION SYSTEMS, INC., JOSEPH MERLO, and PAUL BLEIWEIS, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 3:08-cv-00285 JUDGE WILLIAM J. HAYNES |
| PAUL SAXTON and ENERCON, INC. d/b/a ENERCON INTERNATIONAL, INC. d/b/a ENERCON TECHNOLOGIES, INC., | ) ) ) ) ) | JURY DEMAND |
| Defendants. | ) | |

## CASE MANAGEMENT ORDER

As evidenced by the signatures of their respective counsel, Plaintiffs Energy Automation Systems, Inc. ("EASI"), Joseph Merlo ("Merlo"), and Paul Bleiweis ("Bleiweis") (EASI, Merlo, and Bleiweis collectively, "Plaintiffs") and Defendants Paul Saxton ("Saxton") and Enercon, Inc. ("Enercon") (Saxton and Enercon collectively, "Defendants") respectfully submit the following Case Management Order.

I.   **Service, Jurisdiction and Venue**

   A.   **Service**

Defendants have been served with process.

   B.   **Personal Jurisdiction**

Plaintiffs assert that this Court has personal jurisdiction over Defendants. As more fully explained in their Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(2)

for Lack of Subject Matter Jurisdiction (Docket No. 5) and corresponding Memorandum of Law in Support (Docket No. 6), Defendants expressly deny that this Court possesses personal jurisdiction over them. Plaintiffs intend to timely oppose Defendants' Motion to Dismiss.

    **C.    Subject-Matter Jurisdiction**

Plaintiffs assert that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. § 1332, the Copyright Act, 17 U.S.C. § 101 et seq., and the Lanham Act, 15 U.S.C. § 1125. However, Defendants deny that this Court has subject matter over this action on the grounds that Plaintiffs' claims do not arise under the Constitution, laws, or treaties of the United States and that the matter in controversy does not exceed the sum or value of $75,000, exclusive of interest and costs. Defendants further deny that either of them has violated any provision of the Copyright Act or the Lanham Act so as to confer subject matter jurisdiction under those statutes.

    **D**.    **Venue**

Plaintiffs assert that venue is proper in this judicial district under 28 U.S.C. § 1391 based upon the allegation that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district. For the same reasons Defendants deny that this Court possesses personal jurisdiction over them, Defendants also deny that venue is proper in this judicial district.

## II. Parties' Theories of the Case

### A. Plaintiffs' Theory of the Case

Plaintiffs EASI, Joseph Merlo and Paul Bleiweis initiated this civil action seeking relief from Defendants' various common-law and statutory violations under state and federal law.

EASI is engaged in the distribution of equipment that reduces the volume of electricity consumed by electric motors, lighting equipment, air conditioning and refrigeration equipment, and other machinery and equipment powered by electricity. While EASI engages in some direct sales to end-users, EASI sells the majority of its products through a network of authorized resellers, called EASI dealers. Plaintiff Merlo is EASI's Chief Executive Officer. Plaintiff Bleiweis is EASI's President.

Saxton owns the stock of Enercon, which became an EASI dealer in April of 2001 upon signing an Authorized Reseller Agreement (the "Dealership Agreement"). Approximately two years later, Saxton, Enercon and EASI entered a Contract Cancellation, Release and Agreement (the "Contract Cancellation"), whereby the parties mutually agreed to terminate the Dealership Agreement. Defendants copied EASI's business model and purport to sell to dealers business opportunities involving energy conservation products.

Defendants disparaged EASI and recruited one or more EASI dealers, thereby breaching the Contract Cancellation and interfering with EASI's business relations.

Defendants further used various names or keywords associated with Plaintiffs, such as "easi," "energy automation systems inc.", "paul bleiweis" and "joe merlo" in

advertising Defendants' business on the world's largest search engine, Google. In so doing, Defendants engaged in common-law unfair competition and misappropriation and violated 15 U.S.C. § 1125 of the Lanham Act, the Tennessee Consumer Protection Act, Tenn. Code. Ann. § 47-18-101 et seq., the Tennessee Personal Rights Protection Act, Tenn. Code. Ann. § 47-25-1101 et seq. and the common-law right of publicity and have interfered with EASI's business relations.

Defendants copied, almost verbatim and without EASI's permission, EASI's Dealership Agreement for use in Defendants' business. EASI owns the copyright to its Dealership Agreement, and Defendants' unauthorized exploitation of that copyright constitutes copyright infringement in violation of 17 U.S.C. § 101 et seq.

Defendants have further failed to register or otherwise comply with Business Opportunities Acts in states where they offer business opportunities and compete with EASI. Defendants are accordingly engaged in unfair competition as they have the benefit of offering their business opportunities in competition with EASI without the burden and expenses of registering and complying with the Business Opportunities Acts.

For Defendants' wrongful acts, Plaintiffs seek injunctive and declaratory relief, including preventing Defendants from using the EASI key words and impounding and destroying all articles infringing EASI's copyright. Plaintiffs further seek actual and compensatory damages, Defendants' profits, repayment of certain sums made under the Contract Cancellation, punitive damages, treble damages, attorneys' fees and costs, prejudgment interest and/or such other and further relief as may be appropriate.

### B. Defendant's Theory of the Case

As a preliminary matter, Defendants deny that this Court possesses personal jurisdiction over either of them, and Defendants deny that venue is proper in this judicial district. Defendants further deny that this Court possesses subject matter jurisdiction over Plaintiffs' common law and statutory claims.

With respect to the merits of Plaintiffs' claims, Defendants expressly deny that they have violated any of Plaintiffs' common-law or statutory rights. Defendants acknowledge that Enercon was once an "EASI dealer" under the Dealership Agreement. However, pursuant to the Contract Cancellation, Enercon ended its association with EASI because Enercon was totally dissatisfied with EASI's method of conducting business.

Defendants also acknowledge that there are certain similarities between Enercon's business and EASI's business, but Defendants expressly deny that they copied EASI's business model or infringed any of EASI's alleged copyrights. Defendants deny that either of them "disparaged EASI" to the extent that the term "disparaged" implies that any of the Defendants' statements about EASI were untrue in any regard, and Defendants also assert that portions of the Contract Cancellation are unenforceable as a matter of law. Furthermore, Defendants expressly deny that Enercon has recruited any of EASI's dealers. Conversely, Enercon is very reluctant to associate with EASI's former dealers.

With respect to Enercon's use of the "EASI Keywords" (as defined in Paragraph 25 of Plaintiffs' Complaint), Defendants acknowledge that Enercon previously utilized the EASI Keywords in relation to Enercon's Sponsored Link on Google until Plaintiffs requested Enercon to cease using the EASI Keywords in its advertising. Although

Enercon has voluntarily ceased using the EASI Keywords, Defendants expressly deny any inference that Enercon's prior use of the EASI Keywords violated any of Plaintiffs' common-law or statutory rights.

## III. Schedule of Pretrial Proceedings

### A. Rule 26(a)(1) Disclosure

The parties shall make their Rule 26(a)(1) disclosures within thirty (30) days from the date of the initial case management conference.

### B. Meeting of Counsel and Parties to Discuss Settlement Prospects

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believe that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

### C. Other Pretrial Discovery Matters

As determined by the case management conference on May 12, 2008, this action is set for trial on _____, _____ ____, 200__, at _____.

If this action is to be settled, the Law Clerk shall be notified by noon, _____, _____ ____, 200__. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held _____, _____ ____, 200__, at _____. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on December 15, 2008. All written discovery shall be submitted in sufficient time so that the response shall be in hand by December 15, 2008. All discovery-related motions shall be filed by the close of business on January 15, 2009. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issued in dispute and the reasons why those issues remain unresolved.

All dispositive motions[1] shall be filed by the close of business on April 15, 2009, and any response thereto shall be filed by the close of business on May 5, 2009. Any reply shall be filed by the close of business on May 12, 2009.[2] **Counsel shall e-mail**

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages, without leave of Court. No reply shall be filed to any response unless invited by the Court.

[2] Strict compliance is required to Rule 56.01, Local Rules of Court (effective June 1, 2006) relating to motions for summary judgment.

**memoranda of law and responses to statements of undisputed facts to the Court's chambers at Megan_Gregory@tnmd.uscourts.gov.**

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

The response time for all written discovery and requests for admissions is reduced from thirty (30) to twenty (20) days.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local Rules of Court (effective June 1, 2006) shall govern.

By the close of business on April 15, 2009, Plaintiff shall declare to the defendant (<u>not</u> to file with the Court) the identity of its expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on May 15, 2009, Defendant shall declare to the plaintiff (<u>not</u> to file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on June 15, 2009. There shall not be any rebuttal expert witnesses.

In order to reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses, without first obtaining leave of Court by filing a motion. All expert discovery shall be completed by July 15, 2009.

Local Rule 39.01 (effective June 1, 2006) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so ORDERED.

ENTERED this the ____ day of May, 2008.

_____
WILLIAM J. HAYNES, JR.
United States District Judge

SUBMITTED FOR ENTRY:


s/ William L. Campbell, Jr.
John R. Jacobson (#14365)
William L. Campbell, Jr. (#22712)
W. Russell Taber (#024741)
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, Tennessee 37203
(615) 320-3700 / (615) 320-3737 Fax
jjacobson@rwjplc.com
ccampbell@rwjplc.com
rtaber@rwjplc.com

*Attorneys for Plaintiffs Energy Automation Systems, Inc., Joseph Merlo and Paul Bleiweis*



s/Jarrod W. Stone.
Fred C. Statum III (BPR No.14495)
Jarrod W. Stone (BPR No. 023915)
MANIER & HEROD
2200 One Nashville Place
150 Fourth Avenue North
Nashville, TN 37219
(615) 244-0030
(615) 242-4203 (fax)
fstatum@manierherod.com
jstone@manierherod.com

*Attorneys for Defendants Paul Saxton and Enercon, Inc. d/b/a Enercon International, Inc. d/b/a Enercon Technologies, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct of copy of the foregoing document was served via the Court's electronic filing system upon:

Fred C. Statum III (BPR No.14495)
Jarrod W. Stone (BPR No. 023916)
MANIER & HEROD
2200 One Nashville Place
150 Fourth Avenue North
Nashville, TN 37219
(615) 244-0030
(615) 242-4203 (fax)
fstatum@manierherod.com
jstone@manierherod.com

this 9th day of May, 2008.

                                                  s/ William L. Campbell, Jr.