IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ENERGY AUTOMATION SYSTEMS, INC., JOSEPH MERLO, and PAUL BLEIWEIS, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 3:08-cv-00285 JUDGE WILLIAM J. HAYNES |
| PAUL SAXTON and ENERCON, INC. d/b/a ENERCON INTERNATIONAL, INC. d/b/a ENERCON TECHNOLOGIES, INC., | ) ) ) ) ) | JURY DEMAND |
| Defendants. | ) | |

## CASE MANAGEMENT ORDER

The parties previously appeared before this Court on May 12, 2008 for an Initial Case Management Conference. Because Defendants had filed a Motion to Dismiss for Lack of Jurisdiction, the parties submitted an Agreed Interim Scheduling Order (Doc. No. 11) to schedule jurisdictional discovery. The Court denied Defendants' motion. (See Doc. No. 23).

To provide for the scheduling of discovery and trial, Plaintiffs and Defendants respectfully submit the following Case Management Order. The parties welcome the opportunity to attend another Case Management Conference should the Court desire to hold such a Conference.

I. Service, Jurisdiction and Venue

A. Service.

Defendants have been served with process.

### B. Personal Jurisdiction

Plaintiffs contend that this Court has personal jurisdiction over Defendants. The Court ruled that it has both general and specific personal jurisdiction over Defendants.

Defendants deny that this Court possesses personal jurisdiction over them, but this Court found that the Plaintiffs have made a prima facie showing of personal jurisdiction over Defendants without conducting an evidentiary hearing. (Doc. No. 22; Doc. No. 23). Defendants therefore expressly reserve their right to contest this Court's exercise of personal jurisdiction over them, by later motion, or at trial depending upon the development of proof going forward, and/or upon appeal, if necessary.

### C. Subject-Matter Jurisdiction

Plaintiffs assert that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. § 1332, the Copyright Act, 17 U.S.C. § 101 et seq., and the Lanham Act, 15 U.S.C. § 1125. Defendants deny that this Court has subject matter over this action on the grounds that Plaintiffs' claims do not arise under the Constitution, laws, or treaties of the United States and that the matter in controversy does not exceed the sum or value of $75,000, exclusive of interest and costs.

### D. Venue

Plaintiffs contend that this Court is the proper venue, pursuant to 28 U.S.C. § 1391 and two contracts executed by Defendant Saxton.

Subject to, and without waiving Defendants' continuing denial that this Court possesses personal jurisdiction over them, Defendants do not object to Plaintiffs' choice of venue in this judicial district. However, Defendants are not waiving their denial that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## II. Parties' Theories of the Case

The parties set forth their positions in the Case Management Order filed on May 9, 2008. (Doc. No. 8).

## III. Schedule of Pretrial Proceedings

### A. Rule 26(a)(1) Disclosure

The parties shall make their Rule 26(a)(1) disclosures within thirty (30) days from the date of the entry of this Case Management Order.

### B. Meeting of Counsel and Parties to Discuss Settlement Prospects

Ninety (90) days from the date of the initial case management conference or the entry of this Order, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believe that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

### C. Other Pretrial Discovery Matters

This action is set for trial on _Tuesday_, _July_ _13_, 20_10_, at _9:00 · am_. If this action is to be settled, the Law Clerk shall be notified by noon, _Friday_, _July_ _9_, 20_10_. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held _Monday_, _June_ 28, 20_10_, at 3:00 p.m. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on October 23, 2009. All written discovery shall be submitted in sufficient time so that the response shall be in hand by October 23, 2009. All discovery-related motions shall be filed by the close of business on November 20, 2009. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issued in dispute and the reasons why those issues remain unresolved.

All dispositive motions[1] shall be filed by the close of business on February 26, 2010, and any response thereto shall be filed by the close of business on March 19, 2010. Any reply shall be filed by the close of business on March 31, 2010.[2] **Counsel shall e-mail memoranda of law and responses to statements of undisputed facts to the Court's chambers at Megan_Gregory@tnmd.uscourts.gov.**

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages, without leave of Court. No reply shall be filed to any response unless invited by the Court.

[2] Strict compliance is required to Rule 56.01, Local Rules of Court (effective June 1, 2006) relating to motions for summary judgment.

The response time for all written discovery and requests for admissions is reduced from thirty (30) to twenty (20) days.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local Rules of Court (effective June 1, 2006) shall govern.

By the close of business on November 20, 2009, Plaintiff shall declare to the defendant (not to file with the Court) the identity of its expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on December 18, 2009, Defendant shall declare to the plaintiff (not to file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on January 8, 2010. There shall not be any rebuttal expert witnesses.

In order to reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses, without first obtaining leave of Court by filing a motion. All expert discovery shall be completed by January 29, 2010.

Local Rule 39.01 (effective June 1, 2006) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so ORDERED.

ENTERED this the 20th day of April, 2009.

WILLIAM J. HAYNES, JR.
United States District Judge

SUBMITTED FOR ENTRY:

s/ William L. Campbell, Jr.
John R. Jacobson (#14365)
William L. Campbell, Jr. (#22712)
W. Russell Taber (#24741)
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, Tennessee 37203
(615) 320-3700 / (615) 320-3737 Fax
jjacobson@rwjplc.com
ccampbell@rwjplc.com
rtaber@rwjplc.com

*Attorneys for Plaintiffs Energy Automation
Systems, Inc., Joseph Merlo and Paul Bleiweis*


s/ Jarrod W. Stone
Fred C. Statum III (BPR No.14495)
Jarrod W. Stone (BPR No. 023915)
MANIER & HEROD
2200 One Nashville Place
150 Fourth Avenue North
Nashville, TN 37219
(615) 244-0030
(615) 242-4203 (fax)
fstatum@manierherod.com
jstone@manierherod.com

*Attorneys for Defendants Paul Saxton and
Enercon, Inc. d/b/a Enercon International, Inc.
d/b/a Enercon Technologies, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct of copy of the foregoing document was served via the Court's electronic filing system upon:

Fred C. Statum III (BPR No.14495)
Jarrod W. Stone (BPR No. 023916)
MANIER & HEROD
2200 One Nashville Place
150 Fourth Avenue North
Nashville, TN 37219
(615) 244-0030
(615) 242-4203 (fax)
fstatum@manierherod.com
jstone@manierherod.com

this 2nd day of April, 2009.

s/ William L. Campbell, Jr.